---

(86 Misc. Rep. 692)

### In re KIRKHOLDER'S ESTATE.

(Surrogate's Court, Erie County. August 27, 1914.)

WILLS (§ 651*)—CONDITIONS—BEQUEST OVER IN CASE OF "CONTEST."

While the courts are indulgent and generous in interpreting a clause in a will forfeiting a bequest in case of a contest by the legatee, the attempt of a legatee of full age to prove a false and spurious document, purporting to be a will subsequent to the testator's true will, was equivalent to a "contest" within a provision of the true will that if any person should controvert or call in question the validity of the will, the interest, legacy, or bequest of such person should pass under the residuary clause, and hence the legatee was entitled to no portion of the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1542; Dec. Dig. § 651.*

For other definitions, see Words and Phrases, vol. 2, pp. 1494, 1495.]

Proceeding by Florine A. Kirkholder, to compel payment of a legacy from the estate of William H. Kirkholder, deceased. Application for payment denied.

See, also, 131 App. Div. 923, 115 N. Y. Supp. 1127.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

D. N. McNaughton, of Buffalo, for petitioner.
Simon Fleischmann, of Buffalo, for executors.

HART, S. The petitioner, Florine A. Kirkholder, has made application for the payment of a legacy contained in the will of William H. Kirkholder, executed on the 17th day of May, 1907. The claim is resisted by the executors, who rely upon the validity of clause ninth of the instrument:

"Ninth. I further will and direct that if any person named in this will shall in any manner controvert, dispute or call in question the validity of this will, then and in such case the interest, legacy or bequest of such person so disputing this will or calling in question the validity thereof, shall be added to and pass as a part of and under the residuary clause of this will to such person or persons as shall be entitled thereunder and thereto."

The will containing the above provision was admitted to probate in this court August 19, 1908, at the conclusion of a most remarkable endeavor to prove an alleged will, bearing date May 23, 1907, wherein the present legatee was the petitioner for probate and the active instigator of a plan and scheme to secure the entire estate for herself. The memoranda and findings of fact wherein probate was denied are contained in the record on appeal, all of which I am compelled to consider in review on this application.

The testator, at the time of the execution of his will, considered the natural objects of his bounty and made provision for this petitioner, to whom he had been married, and separated for more than 10 years, and, despite the estrangement, bequeathed to her $5,000. The restrictive forfeiture clause, above quoted, is broad in its terms, and would indicate that the testator had exercised extraordinary care and solicitude in extending its scope to embrace every possible contingency.

The general statement that "the law relating to conditions in wills imposing forfeiture of benefits thereunder on those contesting the will· is in a state of confusion in England and America" (Reed on Wills, § 15), is confirmed on examining the decisions of New York and other states. In certain cases the courts have held such provisions not effective to defeat the gift to one contesting the will because there was no gift over to any one else on the violation of the provision, which is therefore to be treated as merely in terrorem. The provision has been held invalid as to realty, and a contest made by a special guardian has not prevented the infant from receiving a bequest, the minor not being held responsible for the act. The forfeiture clause has been held invalid when it clearly appears that the contest was justifiable, and not the mere vexatious act of a disappointed beneficiary. The validity of the forfeiture clause is held valid in the state of Ohio. Bradford v. Bradford, 19 Ohio, 546, 2 Am. Rep. 419. The following doctrine is enunciated in 2 Williams on Executors, p. 1147:

"When there is a devise over, in case of a violation of the provision, to some person named, or that the share thus limited shall fall into the residuary estate for distribution, the share will pass to the intended devisee or to the estate upon the breach of the conditions."

The legatees under the will of Barandon, 41 Misc. Rep. 380, 84 N. Y. Supp. 937, were active contestants, and elected to forfeit any claim under the will, and the court held:

"Though conditions whereby legacies are defeated by contesting the validity of the will in which they are contained are not favored and are strictly construed, they are valid."

The United States Supreme Court in Smithsonian Institution v. Meech, 169 U. S. 398, 18 Sup. Ct. 396, 42 L. Ed. 793, upholds the validity of a conditional bequest. Justice Brewer, in his opinion at page 415 of 169 U. S., at page 402 of 18 Sup. Ct. (42 L. Ed. 793), says:

"The propositions thus laid down fully commend themselves to our approval. They are good law and good morals. Experience has shown that often after the death of a testator unexpected difficulties arise, technical rules of law are found to have been trespassed upon, contests are commenced wherein not infrequently are brought to light matters of private life that ought never to have been made public, and in respect to which the voice of the testator cannot be heard either in explanation or denial, and as a result the manifest intention of the testator is thwarted. It is not strange, in view of this, that testators have desired to secure compliance with their dispositions of property and have sought to incorporate provisions which should operate most powerfully to accomplish that result. And when a testator declares in his will that his several bequests are made upon the condition that the legatees acquiesce in the provisions of his will, the courts wisely hold that no legatee shall, without compliance with that condition, receive his bounty, or be put in a position to use it in the effort to thwart his expressed purposes."

The petition for probate of the actual and bona fide will of the testator was filed in this office on the 11th day of July, 1907, a citation was regularly issued, returnable July 27th, and duly served on the petitioner in this proceeding on July 16th. She thereupon, and on July 17, 1907, filed a petition for the probate of the alleged will of May 23, 1907, and a citation was issued, returnable on the 16th day of September. Objections and answers having been filed, the parties appeared in court on the 29th day of November, 1907, and a motion was made for a consolidation of the proceedings by the executor's attorney, which was denied for the purposes of reserving to the widow any technical rights that might subsequently be raised, assuming that the offer to probate the subsequent instrument was in good faith. The evidence received on the trial was of such extraordinary and startling character that probate of the alleged will of May 23 was denied, and the previous will of May 17th was admitted to probate. The law may be in some confusion. The facts in this case are plain and apparent; and, while the courts have been indulgent and generous in interpreting the forfeiture clause, this petitioner is in a distinct class, exempt from any of the precedents I am able to find; she was of full age; the offer and attempt to prove a false and spurious document in the place and stead of the last will of the testator is equivalent to a contest and a breach of the conditions of the legacy. She has already caused the estate an expense equal to, if not exceeding, the amount of her original bequest, and I am unable to find under any rule of law or equity that she is entitled to participate in any share or portion of this estate.

Decree may enter accordingly.